228 S.W.2d 665 (1950)
WOOD et al.
v.
ST. LOUIS PUBLIC SERVICE CO.
No. 41488.
Supreme Court of Missouri, Division No. 2.
April 10, 1950.
Louis E. Miller, Miller & Landau, B. Sherman Landau, St. Louis, attorneys for appellants.
Mattingly, Boas & Richards and Lloyd E. Boas, St. Louis, attorneys for respondent.
BOHLING, Commissioner.
Rosemary Wood and Robert Wood (minors of the ages of seven and five, respectively), by Rose Hollingsworth, their next friend, sued the St. Louis Public Service Company, a corporation for $15,000, for the wrongful death of Lena Wood, their mother. § 3654 R.S. 1939, Amended Laws 1945, p. 846, Mo.R.S.A. Mrs. Wood was killed when the automobile in which she was riding, operated by Tinsley H. Wood, her husband and father of plaintiffs, collided with one of defendant's streetcars. Plaintiffs recovered a judgment for $5,000. *666 They filed a motion for new trial limited specifically to alleged gross inadequacy of the damages, asking for a new trial on the issue of plaintiffs' damages only and that the verdict of the jury against defendant stand on the issue of liability. The motion being overruled, they appealed.
Defendant contends that plaintiffs failed to make a submissible case and, therefore, the judgment should be reversed. In Nelson v. Kansas City, Mo.Sup., 227 S. W.2d 672, Court en Banc held the issue of a submissible case being made was available to a defendant who had filed a motion for a directed verdict but failed to file any after-trial motion upon defendant's appeal from an order awarding plaintiff a new trial on the issue of damages only where plaintiff had a verdict of $1,100 in an action wherein he prayed for $10,000. The instant defendant filed its motion for a directed verdict at the close of all the evidence, Laws 1943, p. 387, § 112, Mo.R.S.A. § 847.112, which was overruled, and after verdict filed its after-trial motion for judgment in accordance with its motion for a directed verdict, Laws 1943, p. 387, § 113, Mo.R.S.A. § 847.113. It is in a more favorable position than was the defendant in Nelson v. Kansas City, supra; and under the reasoning and ruling there made the issue of whether plaintiffs made a submissible case is for review. Cf. Hughes v. St. Louis National League Baseball Club, Inc., Mo., 224 S.W.2d 989, 991 [1-5].
Plaintiffs predicated a recovery on negligence of defendant's motorman in not keeping a vigilant watch and in not stopping the streetcar in time to avoid the collision being the proximate cause of their mother's death.
Defendant says there was no showing that Mr. Wood could have stopped his automobile or driven off the track had the streetcar stopped sooner. We here consider the evidence in the light most favorable for plaintiffs.
The accident occurred about 12:30 a. m. February 15, 1948, in the 6500 block on Manchester avenue, an east and west street approximately 50 feet wide, in the City of St. Louis. Defendant maintains double streetcar tracks on the south half of Manchester avenue, the north rail of the westbound track being about 18½ feet north of the south curb line. Eastbound traffic proceeds along the south half of Manchester avenue where defendant's tracks are located.
Tinsley and Lena Wood and Mr. and Mrs. Raymond Hollingsworth (Lena Wood and Rose Hollingsworth were sisters) attended a Valentine dance at the "Big Club Hall," near the Wood home.
A short time after they left the dance, Mr. Wood was operating his 1939 Oldsmobile sedan east on Manchester avenue at about 20 miles an hour and turned out (north) to pass the Hollingsworth automobile, proceeding east about 15 miles an hour. As he did this, Mr. Wood for the first time observed a streetcar, which he thought was then stopped, approximately 600 feet east of him.
It was cold and freezing that night but there was no snow, sleet, or rain at the time. However, on account of previous weather conditions a ridge of ice about two inches high had formed where water had been thrown by the streetcar wheels alongside the tracks.
Mr. Wood's automobile straddled the south rail of the westbound streetcar track while passing the Hollingsworth automobile. When he started turning to his right, upon passing Hollingsworth's automobile, the rear wheels of his automobile caught in the streetcar track and the elevation of the ice, and he began to skid. He put the brakes on but this seemed to make his automobile skid faster. He attempted to get the car out by turning the wheels back and forth, but was unsuccessful. He changed the gears from high to second and, then, to low, and his car slowed down to about 10 miles an hour within 50 to 60 feet. In the meantime the streetcar had started westwardly. It was approaching at a speed of 10 to 15 miles an hour and could have been stopped in 20 to 30 feet at a speed of 10 miles an hour and 35 to 55 feet at 15 miles an hour. There was testimony that the motorman remarked: "Look at that fool coming" while the automobile *667 and the streetcar were about 300 feet apart. The streetcar came on at unabated speed, was not slowing up, and Mr. Wood put his automobile in high gear and accelerated its speed in an effort to get off the track and avoid the oncoming streetcar. When they came close together the motorman "grabbed the brake and then jumped back," "slammed on the brakes," and the streetcar came to a stop just as the two collided, or a split second later.
Mr. Wood estimated he skidded 100 feet or a little more and was moving about 20 miles an hour at the instant of impact. He testified his automobile "was starting to get out of the tracks. Q. When did you start to get out of the tracks? A. Right before the collision, about five, ten feet."
From Mr. Wood's testimony that his automobile slowed up from 20 to 10 miles an hour in 50 to 60 feet upon his changing from high to low gear, the jury could infer that his automobile could have stopped within the 100-foot skid, or at best a little more, if defendant's motorman had been slackening the speed and stopping the streetcar and forestalled Mr. Wood's accelerating the speed of his automobile in an effort to get off the track and out of the way of the streetcar. We are also of opinion it is a legitimate inference from his testimony that a few additional feet would have permitted his automobile to clear the track, as he testified it was starting "to get out of the tracks" five to ten feet before the collision.
While Mr. Wood used the words "I think," or like expressions in a number of instances, there was other testimony from him and also from other witnesses corroborating the foregoing statements of the facts favorable to plaintiffs. It follows that defendant's cases (cited infra) wherein the evidence favorable to plaintiff is qualified throughout by such expressions as "If I am not mistaken," "probably," "possibly," "I believe," "I think," et cetera are not controlling. Armstrong v. Croy, Mo.App., 176 S. W.2d 852, 853 [1]; Rose v. Thompson, 346 Mo. 395, 141 S.W.2d 824, 828[3-5]; Coble v. St. Louis-San Francisco Ry. Co., Mo.Sup., 38 S.W.2d
Is the $5,000 verdict grossly inadequate?
Section 3654, R.S. 1939, Mo.R.S.A. as amended by Laws 1945, p. 846, provides, so far as material here: "* * * the jury may give such damages, not exceeding fifteen thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating and aggravating circumstances attending such wrongful act, neglect or default."
We are here concerned with the amount of the verdict of a jury and all reasonable presumptions are to be indulged in favor of the verdict, which is not to be interfered with unless the broad discretion vested in the jury has been clearly abused. The instant verdict is further strengthened by the approval of the trial court resulting from the overruling of plaintiffs' motion for a new trial and the applicable statutory provisions of § 3654 respecting mitigating circumstances. Marlow v. Nafziger Bkg. Co., 333 Mo. 790, 63 S.W.2d 115, 121 [10-15]; Hertz v. McDowell, 358 Mo. 383, 214 S.W.2d 546, 551; Philippi v. New York, C. & St. L. R. Co., Mo.App., 136 S.W.2d 339, 344 [16]; and see Wilhelm v. Kansas City Public Service Co., 358 Mo. 6, 212 S.W.2d 915, 918. Cf. Hemminghaus v. Ferguson, 358 Mo. 476, 215 S.W.2d 481, 486; and see Edwards v. Bell, Mo.App., 103 S.W.2d 315, 323.
Some facts of record sustaining the amount of the verdict are: The verdict was a nine-juror verdict. Plaintiffs' measure of damage instruction authorized such sum, not exceeding $15,000, as under the evidence would "fairly and justly compensate" plaintiffs "for all pecuniary loss"' sustained or to be sustained as a necessary result of the death of their mother. Mr. Wood, their father, testified that he was supporting the plaintiffs. Plaintiffs do not direct our attention to affirmative evidence establishing the performance of services for them by their mother, and have failed to establish that the verdict is grossly inadequate.
In addition, and without giving consideration to defendant's version: The jury could *668 find that Mr. Wood was guilty of negligence contributing to the collision. He knew there was ice about two inches high alongside the edge of the streetcar track. He knew there was danger in driving that night although he considered it was not too dangerous. He pulled out to pass the Hollingsworth automobile when he could not see what was approaching. He traveled the last 40 feet while the streetcar was traveling 10 feet. The jury could consider that Mr. Wood kept his automobile moving forward in a skidding movement for considerably more than 100 feet he mentioned, and that in the exercise of due care he could and should have stopped his automobile and should not have accelerated its speed, as he testified he did. Mrs. Wood said nothing to him, gave him no warning. In these circumstances we cannot say as a matter of law that the broad discretion resting in the jury was abused.
The foregoing disposes of the issue of the inadequacy of the verdict on the merits. We need not discuss other matters mentioned in the briefs. They would not change the result. Some are not within the scope of the motion for new trial.
The judgment is affirmed.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur.