**Delbert P. COMBS, Appellant,**

v.

**Joseph Lee COMBS, Respondent.**

**No. 44771.**

Supreme Court of Missouri, Division No. 2.

Nov. 14, 1955.

Opinion Modified and Motion for Rehearing Denied Dec. 12, 1955.

Sherman Landau, St. Louis, for appellant.

Moser, Marsalek, Carpenter, Cleary & Carter, Lee M. Carter, St. Louis, for respondent.

BOHLING, Commissioner.

Delbert P. Combs sued Joseph L. Combs for $15,000 damages for the wrongful death of Juanita Combs, plaintiff's wife, the result of the negligent operation of an automobile. The jury returned a verdict for $3,000 and judgment was entered thereon. Plaintiff sought a new trial on the ground the $3,000 judgment was grossly inadequate. His motion was overruled, and he appeals.

The question of our jurisdiction of the appeal arose in the course of the argument on submission here. Our rulings are that upon a plaintiff's appeal on the ground the judgment is inadequate, the amount in dispute, absent exceptional circumstances, is the difference between the amount prayed for and the amount of the judgment in the trial court. Hemminghaus v. Ferguson, 358 Mo. 476, 215 S.W.2d 481, 482 [1]; Conner v. Neiswender, 360 Mo. 1074, 232 S.W.2d 469, 470 [1]; Coghlan v. Trumbo, Mo.App., 171 S.W.2d 794 [2]; Id., Mo., 179 S.W.2d 705. We have jurisdiction of the appeal.

Plaintiff and defendant are brothers, living in St. Louis and Clayton, Missouri, respectively. On Saturday, June 27, 1953, plaintiff and defendant, with their wives, went to Clearwater Lake near Piedmont, Missouri in plaintiff's Chevrolet sedan for the week end. Plaintiff and his brother usually took turns driving on such occasions. Plaintiff drove on the trip to the lake, arriving there about 9 p. m. They arose early Sunday morning, about 5 a. m., and fished until about 1 or 2 p. m. They started home about 2 or 3 p. m. Defendant was driving on the return trip. Plaintiff and defendant were seated on the front seat. Their wives were on the rear seat, plaintiff's wife being seated back of the driver. Plaintiff testified they were relaxed and that he went to sleep after passing Piedmont. It was a very hot afternoon

and they passed through a light drizzle near Ironton. Defendant's wife testified she "dozed off" prior to the accident.

While proceeding northwardly over Highway 21, a black top highway, 22 feet wide, the Chevrolet ran into the west wing of a concrete bridge over a small creek on a curve in the highway near Belleview about 4:10 p. m., knocking the wing of the bridge into the creek. The bridge was narrower than the highway, its abutments being 18 feet apart. State Trooper Frank Sheible, who estimated he arrived at the scene ten or more minutes after the accident, testified he found no skid marks on the pavement, and that there were no obstructions to the view of a driver at that place. The Chevrolet was demolished. All the passengers were injured and all, with the exception of defendant, were unconscious. They were taken to a hospital in Ironton, Missouri, where plaintiff's wife died Monday, June 29, 1953.

Juanita and plaintiff were married in June, 1952. She was 39 and plaintiff was 33 at the time of her death. Her life expectancy was 28.28 years. Plaintiff was a graduate engineer of the University of Arkansas, and was employed as an engineer for the Pittsburgh Plate Glass Company in Crystal City.

Plaintiff testified that his wife was a very strong and healthy person. She was "very good natured," had a "very good disposition," and "we got along swell." She operated a beauty shop, where three other girls were employed, in St. Louis. It was closed on Mondays. He estimated that she earned on the average between $300 and $400 a month; and that on a busy day she would do $45 or $50 worth of work while the next girl would do $15 to $20 worth of work. They put their money together, used the checking account to pay the bills, and put the balance in savings. She performed all the housekeeping duties, the cooking, baking, washing and ironing. Plaintiff helped her at times with the table and the dishwashing, and usually with the laundry but not the ironing. He testified the doctor's bill for his wife was approximately $100; the hospital bill was $59.20, and the funeral expenses were $1,230.85, total $1,390.05.

Mrs. Pauline Combs, the wife of defendant, testified for plaintiff. She had known Juanita for about a year and a half, and corroborated plaintiff's testimony that plaintiff's wife was a good housekeeper, a pleasant person, and plaintiff and his wife were good companions. She testified that it would require about seven days a week for someone to come in and do the housework Juanita did at plaintiff's home, costing $6 to $8 a day, plus 40 cents car fare and $1.50 a day for food consumed; and that it would cost $10.80 more a week for someone to do the washing and ironing.

Plaintiff contends this court "in the instant appeal should set aside the amount of the judgment and enter instead a judgment in favor of plaintiff for $15,000," citing section 512.160, subd. 3, RSMo 1949, V.A. M.S.; Smith v. Mederacke, 302 Mo. 538, 259 S.W. 83, 88 [8]; Borrson v. Missouri-Kansas-Texas R. Co., Mo., 161 S.W.2d 227. He states this court has assessed in innumerable cases the proper amount of damages, citing McDill v. Terminal R. R. Ass'n, Mo., 268 S.W.2d 823, 829, and acted under the express provisions of section 512.160, subd. 3 in so doing. Said subsection, so far as material, reads (emphasis plaintiff's): "The appellate court shall * * * award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, *or give such judgment as such court ought to have given*, as to the appellate court shall seem agreeable to law. Unless justice requires otherwise the court shall dispose finally of the case on appeal and no new trial shall be ordered as to issues in which no error appears."

In the Smith case, supra, a judgment for $10,000 in favor of two minors, 11 and 13 years old, was held not excessive for the death of their widowed mother, their sole support; and in the Borrson case, supra, no issue was raised or discussed respecting the amount of a judgment for $10,000 in favor of three minors for the death of their

mother in an automobile-train crossing collision in which their father also lost his life. In the McDill case a $10,000 judgment for personal injuries was affirmed for $8,000 upon condition that plaintiff enter a remittitur of $2,000. Section 512.160, subd. 3 is not mentioned in the opinion. Fixing the amount of the damages in a tort action rests in the sound discretion of the trier of the facts, requiring the weighing of the evidence on that fact issue. It is stated in Counts v. Thompson, 359 Mo. 485, 222 S.W.2d 487, 495 [16], that in sustaining a judgment on condition of a remittitur, the appellate court "does not award or fix the damages but only says that if the jury had given such maximum amount then its verdict could have properly been permitted to stand." In ordering a remittitur the court allows the judgment to stand for a part of the amount found by the jury but if a court increases an inadequate recovery it adds something not within the terms of the verdict. Burdict v. Missouri P. R. Co., 123 Mo. 221, 241, 27 S.W. 453, 458, 26 L.R.A. 384, 45 Am.St.Rep. 528. Consult also on remittiturs Cook v. Globe Printing Co., 227 Mo. 471, 546, 127 S.W. 332, 359; Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W.2d 96, 105; Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 238 S.W.2d 426, 431. Plaintiff's authorities do not establish his point. It is disallowed.

Section 537.090, RSMo 1949, V.A.M.S., provides, so far as material on the issue of the amount of the verdict, that in wrongful death actions " * * * the jury may give such damages, not exceeding fifteen thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating and aggravating circumstances attending such wrongful act, neglect or default."

■ Plaintiff cites no Missouri case holding a like judgment approved by the trial court inadequate. It is difficult to fix a pecuniary value upon human life. The jury has an extraordinarily wide discretion in determining the amount of compensation for a wrongful death under proper instructions of the court. The verdicts of different juries will differ widely upon similar facts. As stated in Hertz v. McDowell, 358 Mo. 383, 214 S.W.2d 546, 550 [9]: "The legislative intent * * * is to give the jury a broad discretion in computing damages for wrongful death, within the limit prescribed, based upon the *pecuniary loss* of every kind and character which, under all the circumstances of the particular case, would necessarily result from the death, to those entitled to recover (and the jury, in a proper case, may also diminish or increase the amount because of circumstances which they may find in mitigation or aggravation of the wrongful act, neglect, or default which caused the death)." Steger v. Meehan, Mo., 63 S.W.2d 109, 115; Owen v. Brockschmidt, 54 Mo. 285, 289; Oliver v. Morgan, Mo., 73 S.W.2d 993, 997.

■ Plaintiff's evidence on his pecuniary loss was uncontroverted, but the weight and sufficiency of that evidence, as well as the credibility of the witnesses, were also peculiarly within the province of the jury in the first instance. The jury may believe or disbelieve the testimony of witnesses although the testimony be uncontradicted. Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 559 [1–3].

■ The statutory limit of recovery is not meant to be the maximum value of a human life, Marlow v. Nafziger Baking Co., 333 Mo. 790, 63 S.W.2d 115, 121 [11], but the statute fixes the maximum limit within which the jury may exercise its broad discretion.

■ The record is to be viewed favorably to the verdict and the trial court's approval of it. Plaintiff argues from the viewpoint most favorable to plaintiff. He says his expenses were $1,390.05, and $1,609.95 for his pecuniary loss is so grossly inadequate as to establish bias and prejudice on the part of the jury. Plaintiff's testimony that his wife did the cooking, baking, washing and ironing, all the house-

keeping duties, with plaintiff helping sometimes with the table and dishwashing and usually with the laundry; that she would do $45 or $50 worth of work on a busy day at the beauty shop while the next girl would do $15 or $20 worth of work; that her average earnings were between $300 and $400 a month; and the testimony of defendant's wife, plaintiff's witness, that plaintiff's wife was always busy and kept her home neat, that it would require about seven days a week for a hired woman to do like work in plaintiff's home, and an additional day and a half for someone to do the washing and ironing may have overreached the credulity of the jury. The foregoing testimony was not supported by any records. The jury also may have considered some of the items going to make the total for doctor, hospital and funeral expenses not allowable to the extent charged or testified to by plaintiff. The jury could find that the instant accident was the result of inattention and not a wanton, willful or reckless act. It was not shown that plaintiff was dependent upon his wife for financial support.

Holding a recovery of $10,000 for the wrongful death of a mother, the sole support of minor children, 11 and 13 years of age, not excessive, is not determinative of the instant issue. Smith v. Mederacke, supra. Neither is the fact that the recovery of a larger amount might have been sustained by a trial or an appellate court determinative here. In Wood v. St. Louis Public Service Co., Mo., 228 S.W.2d 665, 667, 17 A.L.R.2d 868, a recovery of $5,000 was held not grossly inadequate in a suit on behalf of two minor children, 5 and 7 years of age.

Plaintiff's motion for new trial presented the sole issue of the inadequacy of the recovery. The trial court approved the amount of the damages awarded when it overruled the motion. Its duty embraced the weighing of the evidence on the issue. It determined that the award of $3,000 was not against the weight of the evidence. Coats v. News Corp., 355 Mo. 778, 197 S.W. 2d 958, 962 [6–8]; Steuernagel v. St. Louis

Public Service Co., 361 Mo. 1066, 238 S.W.2d 426, 431; Murphy v. Kroger Grocery & Baking Co., 350 Mo. 1186, 171 S.W. 2d 610, 611 [3, 6, 9]; Wilhelm v. Kansas City Public Service Co., 358 Mo. 6, 212 S.W.2d 915, 918; Wood v. St. Louis Public Service Co., supra.

We conclude the judgment should be affirmed. It is so ordered.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.