John W. DONNELLY, Plaintiff-Appellant,

v.

Fred GOFORTH, Defendant-Respondent.

No. 44822.

Supreme Court of Missouri.

Division No. 1.

Nov. 14, 1955.

Rehearing Denied Dec. 12, 1955.

Riley & Riley, James K. Riley, St. Louis, for appellant.

Robert E. Keaney, Charles F. Hamilton, Moser, Marsalek, Carpenter, Cleary & Car-ter, St. Louis, for respondent.

VAN OSDOL, Commissioner.

This action for an aggregate of $65,000 damages was instituted by plaintiff, John W. Donnelly, against his son-in-law, Fred Goforth, for the wrongful death of plaintiff's wife and for personal injuries sustained by plaintiff when plaintiff's southbound automobile driven by defendant collided with a northbound automobile driven by one Gray at a point on U. S. Highway No. 61–67 approximately five miles north of Bonne Terre. At the conclusion of plaintiff's evidence the trial court sustained defendant's motion for a directed verdict. Plaintiff has appealed from the ensuing judgment for defendant.

Plaintiff had alleged, inter alia, specific negligence of defendant in failing to keep a vigilant watch and lookout ahead; in failing to sound a horn or signal of warning; in failing to swerve to the right; and in operating the automobile to the left of the center line of the highway and into the path of the northbound car.

Herein plaintiff-appellant, in addition to the basic contention that the sustention of the motion for a directed verdict was erroneous, contends the trial court erred in excluding, striking out and directing the jury to disregard plaintiff's testimony of an admission made by defendant, which admission, it is said, was a substantial evidentiary basis supporting plaintiff's claim. Plaintiff-appellant also contends the trial court erroneously restricted plaintiff's cross-examination of the witness, defendant. On the other hand, defendant-respondent contends there were no errors of the trial court in excluding evidence, or in circumscribing plaintiff's examination of the witness, defendant; and, as to plaintiff's basic contention, defendant-respondent says the trial court correctly directed a verdict for defendant. Defendant-respondent asserts the evidence was insufficient in affording substantial bases for the conclusions that defendant was negligent and that defendant's conduct was a proximate cause of the collision.

Plaintiff's evidence, in so far as it was pertinent to the issue of liability, consisted

of his own testimony and that of defendant who was called to the witness stand by plaintiff. There was evidence that both plaintiff and defendant suffered concussions of the brain and other injuries in the collision. A physician, witness for plaintiff, testified that plaintiff, because of his head injury, suffered a loss of memory of events occurring during some indefinite period of time prior to the collision. It was said this condition—"retrograde amnesia"—is not uncommon when a person has had a blow on the head of sufficient force to render him unconscious. Defendant also seems to have but an imperfect recollection of events transpiring immediately prior to the collision.

There was evidence that plaintiff had asked defendant to drive plaintiff's automobile on a journey from St. Louis to Doe Run. Proceeding on this journey, defendant and his wife and one of their children were riding in the front seat of plaintiff's car, and plaintiff and his wife and another of defendant's children were riding in the rear seat. The automobile, with defendant driving, had proceeded to a point approximately five miles north of Bonne Terre where the fatal collision occurred, as stated. At this place the two-lane concrete highway with black-tarvia center line is straight and fairly level for around three-quarters of a mile. The collision seems to have occurred when the automobile driven by defendant had passed over approximately half of this three-fourths mile segment of the highway. Defendant was driving fifty to fifty-five miles per hour. He had met and passed a northbound truck. He had glanced to his left to see if he could recognize the truck driver.

Defendant, called to the witness stand by plaintiff, testified that he remembered "getting past the truck, and that's as far as I can remember. The other automobile (the northbound Gray car), I can't remember." He "figures" the collision occurred when he had moved one hundred feet "past the truck * * * something like that." He could have seen down the road a quarter of a mile. The shoulder on his right was sufficiently wide for a car to have been driven off the pavement. He possibly did not sound the horn; "I wouldn't know." He didn't apply the brakes. He didn't swerve to the right. Having been asked if he turned to the left, defendant answered, "Couldn't say that either." He "never did see the other (Gray) car." He could "remember getting past the truck, but that's all; really all."

Plaintiff, who, as stated, was unable to remember the circumstances of the collision, testified that defendant had later explained to him "that we were in an accident and traveling down the highway and passed a truck, and that he waved at the driver of the truck, and that he may have gone on the wrong side of the road." Defendant's counsel objected to "what might have been," and asked that it be stricken. The trial court directed the jury to disregard "that part of the answer that he might have turned to the left side of the road, and it will be stricken."

■ Attending now plaintiff-appellant's contention that he was erroneously restricted in his cross-examination of defendant—the contention is ruled adversely. We have examined the entire transcript of defendant's testimony and have found that but one objection was interposed by defendant's counsel during the entire interrogation. Defendant was asked,

"Q. Did you turn to the right or left?

"A. Well, I notice lately when I happen to look at somebody—

"Mr. Hamilton (counsel for defendant): If the Court please, I object to what the witness has noticed lately.

"The Court: Sustained."

As noted, the answer of the witness-defendant was interrupted by the objection interposed by defendant's counsel, which objection was sustained, and any completed answer was in effect excluded. Plaintiff was entitled to examine defendant, an adverse party, in plaintiff's behalf under the rules applicable to cross-examination of witnesses. Section 491.030 RSMo 1949,

V.A.M.S. But, clearly the answer, had it been completed, would not have been responsive to the question, and, furthermore, it is doubtful that the completed answer would have been admissible. It seems the witness was about to state something he had noticed or experienced lately, after the event of the collision. And plaintiff did not make any offer of proof; nor did plaintiff request the trial court to permit the witness-defendant to complete the answer (out of the presence of the jury); nor did plaintiff in any other manner advise the trial court of what the answer would be and of its bearing on the issues of the case so that the trial court could determine the question of its competency and materiality. In this situation there is nothing preserved for this court to review. Pitha v. St. Louis Public Service Co., Mo.Sup., 273 S.W.2d 176; Byam v. Kansas City Public Service Co., 328 Mo. 813, 41 S.W.2d 945, and cases therein cited. As we have said, this was the only objection made by defendant's counsel during the progress of plaintiff's examination of the witness-defendant.

We shall examine plaintiff-appellant's contention relating to the asserted admission of defendant as a preliminary to and in connection with our examination of the question of the submissibility of plaintiff's case.

 In order that a statement of a party be competent as an admission, it is unnecessary that the statement be a direct admission; it may be competent if it bears on the issue, incidentally or circumstantially. An admission, however, should possess the same degree of certainty as would be required in the evidence it represents, 31 C.J.S., Evidence, § 277, p. 1029; and hence mere conjecture as, for example, that fruit "might" have been damaged in transfer from one car to another is not an admission that it was so damaged, Inzerillo v. Chicago, B. & Q. R. Co., 225 Mo.App. 1213, 35 S.W.2d 44, or a statement based on a supposition or opinion as distinguished from a statement of an existing fact as, for example, the fire was "supposed" to have been started from sparks discharged by a locomotive, Tappe v. Pohlmann, Mo.App.,

79 S.W.2d 485, are not evidence of the fact concerning which the party may have conjectured or supposed. In the instant case, the statement of the party-defendant that he "may have gone on the wrong side of the road" seems to denote or express the mere possibility that he had gone on the wrong side of the road. We believe the quoted language did not have the definite imputation of the fact which should be required to constitute substantial evidence of the fact. It would seem a strained construction of the statement to interpret it as conceding or admitting the fact to be that defendant went on the wrong side of the road, that is, we think the use of the word "may" in the quoted language, in the circumstances and in its setting, could not be reasonably considered as an admission by defendant that he had gone on the wrong side of the road. The instant asserted admission was not like the statement of defendant in Huelsmann v. Johnston, Mo.App., 213 S.W.2d 641, cited by plaintiff-appellant. There defendant had said the accident was all his fault. The asserted admission was not a statement such as "I feel" or "probably" in circumstances in which the statement could be reasonably considered as a sufficiently definite expression of an opinion of the existence of a fact subject to proof by opinion evidence, as in Walker v. St. Louis Public Service Co., 362 Mo. 648, 243 S.W.2d 92. Nor was it corroborated by the testimony of defendant or of another or other witnesses as was the "I think" testimony of plaintiff in Wood v. St. Louis Public Service Co., Mo.Sup., 228 S.W.2d 665, 17 A.L.R.2d 868.

 It is assumed there was substantial evidence tending to show defendant was negligent in failing to look out. And it is true, as argued by plaintiff-appellant, that one having a duty to look out may not escape liability by saying he did not see what, if he had looked, he could have seen. To have failed to see what could have been seen by keeping a proper lookout in the exercise of the highest degree of care would have been as negligent as not to have looked at all. Wright v. Osborn, 356 Mo. 382, 201 S.W.2d 935. But here we have

nothing in evidence tending to show what defendant could have seen in the exercise of the highest degree of care in looking. There was no evidence tending to show the movement of either of the vehicles involved, after defendant had met and passed the northbound truck. No conduct of Gray in the operation of his automobile was shown. There wasn't any evidence of the movement or position of the Gray car on the highway from which it could have been reasonably inferred that defendant's failure to look (and to take the further precautions of sounding a warning or swerving to the right, if, in looking, it could have been seen that the circumstances of the Gray car's approach demanded such precautions or one of them, in the exercise of the highest degree of care) was the cause or a concurring cause of the collision.

In the Wright case, a humanitarian rule case cited by plaintiff-appellant, there was evidence from which a jury reasonably could find that if defendant had been looking he could have seen the boy Lawrence start forward, onto and across the highway at a time when defendant's automobile was a sufficient distance away that defendant could have sounded a warning and averted the tragedy. Likewise, in other cases cited by plaintiff-appellant, there was evidence of what defendants could have observed had they been looking. Henry v. Tinsley, 240 Mo.App. 163, 218 S.W.2d 771; De Voto v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 355. In Kaley v. Huntley, 333 Mo. 771, 63 S.W.2d 21, there was evidence that defendant's daughter, driving defendant's car, momentarily looked away and the automobile left the highway and crashed into a tree injuring a guest, plaintiff.

In the instant case, as stated, there was no evidence of where with reference to the center of the highway the Gray car had been moving or of its movement at the time or immediately after defendant had met and passed the northbound truck. There was no direct or circumstantial evidence introduced tending to show how or at what angle or where with reference to the center of the highway the vehicles came into contact or collision. No eyewitness account of the casualty was introduced into evidence; nor was there evidence tending to show the nature of the damage to the vehicles involved; nor was there any evidence of the place where any debris had fallen, if so, on any part of the highway, or where the vehicles had come to rest after the collision from which could be gleaned any substantial foundation for a conclusion of how and where the cars came together and the collision came about. Thus there was no evidence from which it reasonably could have been inferred that negligence of defendant caused, or concurred with negligence of Gray in causing the casualty. Substantial evidence supporting an essential element—causal connection—of plaintiff's case was missing. Causation was left in the realm of speculation and conjecture without any factual basis.

■■■■ Plaintiff in making out his case had the burden of going forward with evidence substantial in tending to establish the constitutive or essential elements of actionable negligence—negligence (specifically as alleged or submitted), causal connection, and injury. Although these elements, including causal connection, are not required to be shown by direct evidence, but may be shown by proof of circumstances from which they may be reasonably inferred, the rule is well established that, even if negligence of defendant has been shown, there can be no recovery "unless such negligence is the proximate cause of the injury. It is not sufficient merely to show negligence and injury; plaintiff must show a causal connection between the negligence pleaded and proved, and the injury claimed to have resulted therefrom." Fassi v. Schuler, 349 Mo. 160, 159 S.W.2d 774, and cases therein cited; Rose v. Thompson, 346 Mo. 395, 141 S.W.2d 824; Dodson v. Maddox, 359 Mo. 742, 223 S.W.2d 434; Wood v. St. Louis Public Service Co., 362 Mo. 1103, 246 S.W.2d 807; Branstetter v. Gerdeman, Mo.Sup., 274 S.W.2d 240.

The judgment should be affirmed.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All of the Judges concur.