William MAYER, Plaintiff (Respondent),

v.

Lillian BURNETT, Defendant (Appellant),

and

Albert Johnson, Defendant (Appellant).

No. 53565.

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1968.

Rooney, Webbe & Davidson, John L. Rooney, Russell N. MacLeod, St. Louis, for respondent.

Thomas, Busse, Weiss, Cullen & Godfrey, James E. Godfrey, Carl R. Gaertner, St. Louis, for appellant, Lillian Burnett.

WELBORN, Commissioner.

■ Action for damages from automobile collision. A jury returned a verdict for $50,000 in favor of plaintiff and against two defendants. Both defendants filed notice of appeal. However, only defendant Burnett filed a brief. Therefore, the appeal of defendant Johnson is dismissed for failure to comply with Civil Rule 83.06, V.A.M.R.

The collision out of which this case arose occurred at the intersection of Lindbergh Boulevard and East Concord Road in St. Louis County, on October 16, 1964, at around 3:00 P.M. on a clear, sunny day. Lindbergh Boulevard at the scene of the collision is a four-lane, undivided highway. At the time of the collision, traffic on Lindbergh was heavy.

Plaintiff William Mayer was driving a Chevrolet sedan southeasterly on Lindbergh in the lane next to the center line at a speed of about 40 miles per hour. Defendant Lillian Burnett was driving a Ford sedan northwesterly at about the same speed and also in the lane next to the center line. When she reached the East Concord Road intersection, she slowed, preparatory to making a left turn into East Concord. Defendant Johnson, driving a Chevrolet station wagon in the same lane and same direction, immediately behind Mrs. Burnett, swerved to his left to avoid striking Mrs. Burnett's auto and struck the Mayer auto head-on in the lane of traffic in which the Mayer auto had been traveling. The collision caused the Mayer vehicle to cross into an opposite lane where it struck a truck. Plaintiff sustained injuries about which there is no issue on this appeal.

Mayer brought suit against Mrs. Burnett and Mr. Johnson. At the trial, his claim was submitted against Mrs. Burnett on the theory that she "suddenly stopped her automobile on the highway without first giving an adequate and timely warning of her intention to stop." MAI 17.12, § 304.019, RSMo 1959, V.A.M.S. The submission as to Johnson was failure to keep a careful lookout or driving on the wrong side of the road. The jury's verdict was in favor of plaintiff for $50,000 damages against both defendants.

Mrs. Burnett's contention on her appeal is that the evidence did not support the charges of negligence submitted against her and therefore her motion for directed verdict at the close of all the evidence should have been sustained. She also contends, along the same line, that plaintiff's verdict-directing instruction was not supported by substantial evidence. The appellant contends that the evidence did not show that she stopped her auto on the highway, that, if she did, the stop was sudden, and finally, that the evidence did not show a failure to give an adequate and timely warning. We, therefore, must examine the evidence in detail on these issues.

■ On the issue of whether there was evidence that appellant stopped her vehicle on the highway, the appellant herself testified that she did so. Her testimony was that she came to a "normal" stop behind another vehicle which turned left into East Concord; that, after being stopped a few seconds, she saw, in her rearview mirror, the Johnson auto approaching; that she saw Johnson turning his head from left to right; that the Johnson vehicle struck the left bumper and taillight of her auto and then collided with respondent's auto. The driver of the truck with which the Mayer auto collided testified, on behalf of appellant, that he saw appellant's auto stopped.

As part of his case, plaintiff read from Mrs. Burnett's deposition, wherein she stated that she came to a stop to make a

left turn at East Concord, and the accident happened just a matter of seconds after she had stopped.

Appellant contends, however, that none of the foregoing evidence is available in support of plaintiff's theory that Mrs. Burnett stopped on the highway, because plaintiff himself testified, on direct examination, when asked whether Mrs. Burnett's Ford came to a complete stop: "No, I wouldn't say it did. I'd say it was rolling when I seen the front end was down * * *." On cross-examination, plaintiff was asked whether he ever saw Mrs. Burnett's car come to a complete stop, and he answered, "No, sir."

"Q. It was rolling when you last saw it?

"A. It was rolling when I last seen it."

Appellant asserts such testimony by plaintiff deprives him of the right to make use of the testimony of appellant and her witness on the issue of stopping. She would apply the rule that "a plaintiff may not adopt the testimony of a witness (defendant's or plaintiff's) which contradicts his own positive testimony on basic facts which are within his own knowledge," citing Migneco v. Eckenfels, Mo.Sup., 397 S.W.2d 682, 686, and Price v. Nicholson, Mo.Sup., 340 S.W.2d 1.

Plaintiff testified that he first noticed appellant's auto when it was four or five car lengths away. He noticed the front end of her car "go down." The collision occurred in a very brief time thereafter. Plaintiff himself described the interval as "instant." Viewing his testimony in such circumstances, and, as we must do on this issue, viewing such testimony in the light most favorable to plaintiff, the meaning that must be attributed to plaintiff's testimony is that he did not see Mrs. Burnett's car at a full stop. This conclusion is supported by an excerpt from plaintiff's deposition, read in evidence by appellant. Asked if he saw the Ford stop, plaintiff replied: "Well, I wouldn't say that I ac-tually seen it stop, but I seen the car. She was just like I said, she overshot her mark and she realized it and she hit the brakes. I didn't actually see it dead still, no." However, whether she eventually did arrive at a full stop could hardly, in these circumstances, be said to be a fact within plaintiff's own knowledge, under the rule relied upon. We conclude that plaintiff was permitted to rely upon defendant's testimony that she did stop and submit his case on that theory.

Appellant cites Brophy v. Clisaris, Mo. App., 368 S.W.2d 553, in support of her contention. There, the only evidence of the status of an employee was deposition testimony read by plaintiff to the effect that the defendant had no employee such as the individual in question. The court refused to permit plaintiff to draw a contrary inference regarding the individual's status, in view of the evidence she presented. Here, there is no essential inconsistency between the appellant's testimony and the inferences to be drawn from Mayer's testimony.

▪ Appellant contends that there was no evidence that her stop was sudden. However, plaintiff testified that when he first noticed Mrs. Burnett's vehicle, the front end went down. The jury could infer that this action was the result of a sharp application of the brakes. Jurors are enough accustomed to operation of automobiles to know that such reaction as plaintiff observed is associated with abrupt braking. Appellant suggests that the vehicle might have encountered a depression in the roadway. She also suggests that the contact between the Johnson vehicle and her auto caused the front end to go down. There was no evidence of any sort of a defect in the roadway. The contact between the Johnson and Burnett vehicles was very slight. In these circumstances, the jury could reasonably exclude these matters as causing the movement which plaintiff observed.

Johnson did testify that Mrs. Burnett came to a "continuous stop." However, he testified that, although his brakes were in good condition and that he was traveling at approximately 40 miles per hour some four car lengths back of the Burnett vehicle, he was unable to stop his vehicle after he saw Mrs. Burnett's brake lights go on. This, despite the language (suggested by the question) of "a continuous stop," clearly bespeaks abrupt action by the driver of the Burnett car. We reject appellant's contention on this argument.

Appellant argues finally that there was no evidence that she failed to give a timely and adequate warning. Plaintiff himself observed no signal, mechanical or otherwise, of the intentions of Mrs. Burnett. Mrs. Burnett did testify that she turned her left turn blinker on as she approached the East Concord intersection. Plaintiff, as part of his case, read from Johnson's deposition, in which Johnson stated that while he was traveling three or four car lengths behind the Burnett Ford, the lights on the Burnett auto went on. At the trial, Johnson testified that there were no blinking signals on the back of Mrs. Burnett's car at any time; that when he saw the brake lights go on, he tried his best to stop his auto, but was unable to do so.

■■ Appellant contends that plaintiff was bound by Johnson's statement, read into evidence by plaintiff, that he saw the stoplights on the Burnett vehicle go on. Appellant argues that this evidence showed compliance with the statute which permits either mechanical or arm signals. § 304.-019, supra. However, the law is clear that, although the evidence establishes that a signal was given, the question of whether it was timely and adequate may remain. Matthews v. Mound City Cab Co., Mo. App., 205 S.W.2d 243, 247[5]. Here, the jury was, of course, not bound to accept Mrs. Burnett's testimony that her left turn blinker signal was operating. The jury could have found that the only signal she gave was the flashing of her brake lights. Inasmuch as the jury could have further found a sudden stopping, they could very well conclude that the brake light signal was neither adequate nor timely.

Pitha v. St. Louis Public Service Company, Mo.Sup., 273 S.W.2d 176, cited by appellant, does not control the question here presented. In that case, the court held that a party pleading an absence of signals may be precluded by his evidence that brake light signals were given. Here the question is not absence of signals, but the timeliness and adequacy of those admittedly given. Crawford v. McNece, Mo.Sup., 388 S.W.2d 809, relied upon by appellant, is of no weight here. There, the question was whether or not a plaintiff who testified about the signals she gave was contributorily negligent as a matter of law. Had Mrs. Burnett sued Johnson, her testimony about the signals which she gave would, without doubt, have precluded a finding of contributory negligence as a matter of law. However, such issue, the one presented in Crawford v. McNece, supra, is not the issue here.

Our conclusion that plaintiff did make a submissible case necessarily precludes a finding that the plaintiff's verdict-directing instruction, submitting these matters, was not supported by the evidence.

Judgment affirmed.

HOUSER, C., concurs.

HIGGINS, C., not sitting.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.