## CITY OF KIRKWOOD v. M. W. CRONIN et al., Appellants.

### Division Two, June 23, 1914.

1. **CONDEMNATION: City of Fourth Class: Jury of Freeholders: Record of Appointment.** Where the order appointing the mayor's jury to determine and assess damages and benefits in a proceeding by a city of the fourth class to widen a street, is shown by the city clerk's "transcript of the entries" to have been filed with him, and the written report of the jury as set forth in the transcript recites that the appointment of said jury was duly entered by the city clerk upon the records of the city, it is *held* that the appointment of the jury was made a matter of record so as sufficiently to comply with the provisions of Sec. 9415, R. S. 1909.

2. ————: ————: ————: **Notice: Waived by Appearing Generally.** Property owners who, in a proceeding by a city to

condemn lands under Sec. 9415, R. S. 1909, appeared generally both before the mayor's jury of freeholders and upon appeal in the circuit court, waived any irregularities in the service of notice of the hearing before the mayor's jury.

3. ————: ————: **Change from Special Charter: Proof.** A statement in appellants' abstract of the evidence that certain records introduced by the respondent tend to prove that said respondent is a city of the fourth class, is a sufficient showing that said city, which originally operated under a special charter, has reorganized as a city of the fourth class under the general law.

4. **EVIDENCE: Offer of Proof: Appeal.** Before a trial court can be convicted of error for excluding evidence, it must appear that an offer to prove was made, showing what the testimony would be if the witnesses were allowed to testify. An offer to prove should be specific and definite.

5. **CONDEMNATION: City of Fourth Class: Sec. 9415, R. S. 1909: Public Use: Evidence.** In a proceeding by a city of the fourth class to condemn land under Sec. 9415, R. S. 1909, any competent evidence should be admitted that tends to show that the land is not being condemned for a public use.

6. ————: ————: ————: **Appeal to Circuit Court: Trial de novo.** Since Sec. 9415, R. S. 1909, governing proceedings by cities of the fourth class to condemn land, provides that "appeals may be taken from the decision of the jury of freeholders in the same time and manner and to the same court as from judgments of justices of the peace," and nothing is said as to what shall be done with a case after it reaches the circuit court, the circuit court on an appeal to it has no authority to remand the case to the mayor's jury of freeholders, but must grant a trial *de novo*.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

REVERSED AND REMANDED.

*Albert Chandler* for appellants.

(1) The appointment of the mayor's jury must be entered on the city records. Then it must be shown on the face of the record that notice has been served on all property owners affected. Both are parts of the record proper, and therefore jurisdictional. Tar-

kio v. Clark, 186 Mo. 297; Sec. 5993, R. S. 1899, now 9415, R. S. 1909. (2) On appeal to the circuit court, if the record confers jurisdiction to proceed, there should be a trial *de novo*; and therein the defendant may demand a jury. Secs. 7579, 7588, 9415, R. S. 1909; Tarkio v. Clark, 186 Mo. 292; Turlow v. Ross, 144 Mo. 240; Drainage Dist. v. Campbell, 154 Mo. 160; In re Bergers' Estate, 133 S. W. 96. (3) The court erred in refusing to receive evidence that the proceeding was not for any public purpose or use. Kansas City v. Hyde, 196 Mo. 512; Railroad v. Railroad, 94 Mo. 542. (4) The courts will take judicial notice that Kirkwood is a municipality organized under a special charter. Kirkwood v. Heege, 9 Mo. App. 576; Laws 1865, p. 415, amended Laws 1869, p. 124; Nutter v. Railroad, 22 Mo. App. 328; Stone v. Halstead, 62 Mo. App. 136. (5) Courts cannot take judicial notice of elections, and the results and regularity of elections, by which towns may attempt to reorganize. If a town asserts that it has succeeded in reorganizing under the general law it must prove it in a condemnation case. It cannot invoke a power of eminent domain granted by general law simply by assuming it. Hopkins v. Railroad, 79 Mo. 98; School Dist. v. Dorton, 125 Mo. 442-3; Felton v. Newport, 92 Fed. 477; Johnson v. Common Council, 16 Ind. 227; Temple v. State, 15 Tex. App. 304.

*Robert C. Powell* for respondent.

(1) Kirkwood is, and at the time of the proceedings by the city in widening Clinton Place from Webster avenue to Taylor avenue was, a city of the fourth class. Railroad v. Kirkwood, 159 Mo. 250; State ex rel. v. Donworth, 127 Mo. App. 379; Trust Co. v. Pagenstecher, 221 Mo. 121; Kirkwood v. Allen, 138 Mo. App. 480; State ex rel. v. Byrne, 146 Mo. App. 488; Kirkwood v. Edwards, 147 Mo. App. 610; Kirkwood

259 Mo.—14

v. Edwards, 162 Mo. App. 580; Gratz v. Kirkwood, 165 Mo. App. 207; Heidorn v. Kirkwood, 169 Mo. App. 158. (2) The record shows that all the necessary steps required by statute were properly taken by the respondent city up to and including the decision and the report of the jury of freeholders and adoption thereof by the board of aldermen of the city of Kirkwood. Sec. 5993, R. S. 1899; Tarkio v. Clark, 186 Mo. 285. (3) That part of Sec. 5993, R. S. 1899, governing appeals to the circuit court from the decision of a jury of freeholders is void for vagueness, indefiniteness and uncertainty. State ex rel. v. Street Railway, 146 Mo. 168; Drake v. Drake, 4 Dev. 115; Ward v. Ward, 37 Tex. 392; Commonwealth v. Bank, 3 Watts & Serg. 173; Sutherland on Statutory Construction, secs. 261, 431; State ex rel. v. Ashbrook, 154 Mo. 375; State v. Whitaker, 160 Mo. 59. (4) Should this court hold, however, that that part of Sec. 5993, R. S. 1899, governing appeals to the circuit court is not void for vagueness, uncertainty and indefiniteness, the appellants lost nothing by the decision of the circuit court in finding in their favor and against the report of the jury of freeholders. If any error existed in the trial court it was harmless error so far as these appellants were concerned, and it is still possible to carry out the order made by the trial court remanding "to the mayor and board of aldermen of plaintiff city for a new inquisition of damages by another jury of freeholders to be appointed." Sec. 4177, R. S. 1899, now 8060, R. S. 1909; Sec. 659, R. S. 1899, now 1850, R. S. 1909.

WILLIAMS, C.—Respondent, a city of the fourth class, seeks, by the exercise of the right of eminent domain (as provided in Sec. 9415, R. S. 1909), to condemn the private property of appellants and others for the purpose of widening one of the streets (Clinton Place) in said city.

**Condemnation: City of Fourth Class.**

The first step in this proceeding was taken June 10, 1909, when said city by ordinance provided for the widening of said street, etc. A hearing, in which appellants participated, was had before the mayor's jury, consisting of "five disinterested freeholders of the city," duly appointed by the mayor of said city as provided by the foregoing statute.

Afterwards, in August, 1909, appellants appealed from the award or decision of said jury of freeholders to the circuit court of St. Louis county.

When the case came on for hearing in the circuit court, appellants demanded a jury and trial *de novo*. The court refused the request for a jury and appellants excepted to the action of the court. The court heard evidence with reference to the benefits resulting to, and the damages sustained by, appellants as the owners of the land sought to be taken. Defendants offered to prove that the land was not being condemned for a public use or purpose. The court refused the offer and defendants excepted.

The judgment of the circuit court was as follows: "Now come the parties by their attorneys, and the court having heard the evidence and the arguments of counsel and being fully advised in the premises doth find that the plaintiff as a city of the fourth class instituted condemnation proceedings under section 5993, Revised Statutes of Missouri, 1899, for the purpose of widening a public street known as Clinton Place in said city, and thereby appropriating to the public use lands belonging to each of the defendants, which were properly described in the proceedings of the municipal authorities, a transcript of which proceedings is filed herein, and stands as and for the plaintiff's pleadings, the defendants having duly appealed to this court from the award of the mayor's jury of freeholders; that said award and the compensation allowed defendants thereby for the taking of the lands of defendants Cronin and McCabe, and each

of them, is inadequate, unreasonable and confiscatory, and that said mayor's jury failed to allow said defendants any damages for the injury to the balance of the lots and lands of said defendants and that such lots were injuriously affected and damaged by said proceedings; wherefore, it is considered by the court that the judgment, award and finding of said mayor's jury herein be and the same is hereby set aside and for naught held and that this cause be and the same is hereby remanded to the mayor and board of aldermen of plaintiff city for a new inquisition of damages by another jury of freeholders to be appointed herein, in accordance with law, and that the defendants have and recover their costs herein, and have execution therefor.''

Appellants duly perfected an appeal to this court. Such further statement of facts as shall be necessary to an understanding of the points involved will be made in the course of the opinion.

I.  Appellants contend:  (1) That the appointment of the mayor's jury was not entered upon the records of the city as required by section 9415, Revised Statutes 1909; (2) that the record fails to show that appellants were served with notice of the hearing before the mayor's jury.

Appellants' abstract of the record does not set forth in full the transcript of the proceedings made out and certified to by the city clerk when the case was appealed to the circuit court, but sufficient appears from the abstract to show that the appointment of the mayor's jury was made a matter of record in the city clerk's office.  The city clerk's certificate to the transcript states that the transcript is ''a full, true and complete transcript of the *entries*,'' etc., in said proceeding.  In the transcript, so certified, is a copy of the written order of the mayor

Jury of Freeholders: Record of Appointment.

appointing the jury of freeholders which showed that it was filed with the city clerk. Furthermore the written report or decision of the freeholders' jury which is set forth in the transcript expressly recites that the "appointment of said jury of freeholders was duly entered by the city clerk, upon the records of the city under date of June 10, 1909."

With reference to the second point raised by appellants the clerk's transcript recites that appellants were served with notice of the hearing before the mayor's jury at least five days before such hearing. What purports to be a return of the city marshal in serving said notice is copied into the clerk's transcript. This return, as copied into the transcript, does not contain the name of any person upon whom service was had, but a blank space exists where the names should appear. But be that as it may, appellants are not in a position to complain in this regard. The record shows that appellants were present or represented at said hearing and participated therein. If there was any irregularity in the service of the notice upon appellants, the same was waived by them in appearing generally to said proceeding both before the mayor's jury and upon the hearing in the circuit court. [City of Tarkio v. Clark, 186 Mo. 285, l. c. 298.]

**Waiver of Notice.**

II. It is further contended that the city of Kirkwood was originally a city operating under a special charter which did not give it authority to exercise the right of eminent domain and that there is no evidence to show that said city has ever reorganized as a city of the fourth class under the general law. This contention of appellants finds sufficient answer in their condensed abstract of the evidence wherein in referring to certain documentary evidence introduced by the respondent they state, "said records

**Proof of Change from Special Charter to General Class.**

tend to prove that the plaintiff is a city of the fourth class,'' etc.

III.   It is further contended that the court erred in excluding evidence offered by defendants to prove that the land was not being condemned for a public use.   Appellants' offer to prove does not Offer of set forth what the testimony would be if Proof. the witnesses were permitted to testify on this point and we are therefore unable to say whether the evidence which appellants desired to offer was admissible, or whether, if admissible, its materiality was such as that its exclusion would work a reversal of the case.   An offer to prove should be specific and definite.   [Copper & Iron Mfg. Co. v. Manufacturers' Ry. Co., 230 Mo. 59, 1. c. 77.]   But since the case must be remanded for a new trial for reasons hereinafter stated, we will say that any competent Public Use: evidence which would tend to show that Competent Evidence. the land was being condemned for a private purpose should, when offered, be admitted by the court.   This proposition was thoroughly discussed in the case of Kansas City v. Hyde, 196 Mo. 498, and needs no further discussion at this time.

IV.   Appellants contend that upon appeal from the mayor's jury they were entitled to a trial *de novo* before a jury in the circuit court.   We Appeal to agree with appellants' contention in Circuit Court: Trial de Novo. this regard.   The statute which was in effect at the time this proceeding was first instituted and at the time the appeal was taken from the decision of the jury of freeholders to the circuit court, section 9415, Revised Statutes 1909, provided for appeal as follows:   ''Appeals may be taken from the decision of the jury of freeholders in the same time and manner and to the same court as from judgments of justices of the peace.   And when an ap-

peal shall be perfected, it shall operate as a stay of further proceedings until finally determined.'' The statute is silent with reference to what shall be done with the case after it reaches the circuit court. There is clearly no provision in the statute which would give the trial court the authority to remand the case back to the mayor for a retrial before another jury of freeholders, as was attempted to be done in the present case. The statute giving the right to take an appeal from the mayor's tribunal to the circuit court but in no manner limiting or specifying the manner in which the circuit court should try or review the case, the fair and reasonable implication is that there should be a trial *de novo* in the circuit court in conformity with the general law applicable to trials in that court. [24 Cyc. 721-2; Vroman v. Dewey, 22 Wis. 323.]

It therefore follows that the judgment must be reversed and the cause remanded for a trial *de novo* in the circuit court. It is so ordered. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.