**Estelle KREZ and Paul Krez, Appellants,**

**v.**

**David J. MICKEL, Jr., Respondent.**

**No. 53291.**

Supreme Court of Missouri,
Division No. 1.

Sept. 9, 1968.

Harris & Fortus and Sidney Fortus, Clayton, for appellants.

Paul E. Fitzsimmons, Carter, Fitzsimmons & Brinker, Clayton, for defendant-respondent.

HOUSER, Commissioner.

Action by Estelle Krez for $15,000 damages for personal injuries and by her husband Paul for $1,500 damages for loss of his wife's services, brought against 14-year-old David J. Mickel, Jr. From a judgment for defendant entered upon a jury verdict plaintiffs have appealed.

Mrs. Krez, a 65-year-old lady, was injured when defendant, a pedestrian, running along a public sidewalk, ran into and against her as she was standing on the sidewalk, thereby knocking her down.

I. Error in giving Instruction No. 6?

Instruction No 6 directed a verdict for defendant if the jury believed that plaintiff "failed to move out of the path of defendant when in the exercise of ordinary care she could have seen the movements of defendant and could have avoided coming in contact with him," and that plaintiff was thereby negligent. Plaintiffs claim No. 6 was not supported by the evidence and that it misstated the evidence, "as there was no evidence that she was ever in defendant's path."

Plaintiffs had dinner at Ruggeri's Restaurant in St. Louis. The restaurant faces on Edwards Street, a north-south street. The west wall of the building abuts the sidewalk. The sidewalk is 10 feet 3 inches wide alongside the building. South of the restaurant building there is an abutting parking lot. Plaintiffs left the restaurant, walked south on the sidewalk toward the parking lot. Mrs. Krez tarried on the east edge of the sidewalk, standing at a point 2 or 3 feet south of the southwest corner of the building, while her husband walked on toward the parking lot to get their automobile. As she was facing south Mrs. Krez saw five boys of high school age at a point 20 to 25 feet south of where she was standing. They were running north on the sidewalk. They were abreast but perhaps in an uneven line. The sidewalk was narrower where the boys were running than it was at the point where Mrs. Krez stood. Mrs. Krez continued to stand in the same place but did not continue to watch the boys as they approached her. Instead, she looked in the direction of the parking lot. There was evidence that defendant was ahead of the other boys, "goofing around," running backwards, "kind of raising his arms," sometimes going sideways. Two young girls ran by a couple of seconds before the collision. About a second before defendant bumped into Mrs. Krez "he kind of turned around." When he ran into Mrs. Krez she fell to the sidewalk. Defendant returned to Mrs. Krez and apologized for hitting her and knocking her down. This occurred at 9 p.m. The area was well lighted.

The burden of appellants' argument is that there was no evidence that Mrs. Krez was ever in defendant's path; or that if she had continued to watch defendant Mrs. Krez could have moved out of his path in time to have avoided the collision; that defendant's path was erratic and not straight; that the evidence does not reveal whether he ran into her directly or lurched into her as he was passing.

■ It may not be declared as a matter of law that there is no evidence that Mrs.

Krez was ever in defendant's path. The fact that she was knocked down by a running youth unmistakably establishes that she came into the path of the runner at some point of time before the collision. That the sidewalk where the boys were running when she first saw them was narrower than the sidewalk where she was standing does not necessarily mean that she was not in the runners' "path," in the ordinary sense and meaning of the word "path." That she had time to get out of the way of any danger of collision was admitted and is irrefutable. When questioned about whether, after seeing the boys running towards her, Mrs. Krez had enough time to take one further step eastward or backwards (one step would have put her behind a steel barricade, completely out of any danger), if she had seen fit to do so, Mrs. Krez conceded that if she had been "looking right at them and kept watching them" she "would have moved"; but she said she looked away and did not "expect to have to" move. A jury could find that in making that judgment and in failing to so move she failed to exercise ordinary care in the manner hypothesized in Instruction No. 6. It was for the jury to determine when and whether in the exercise of ordinary care she could and should have anticipated a collision and moved aside in avoidance, and the instruction properly submitted this issue.

## II. Error in permitting cross-examination as to prior falls?

■■ Mrs. Krez' principal complaint was that she received two fractures of the pelvic bone. On cross-examination of Mrs. Krez counsel for respondent was permitted over objection to bring out that six months before the fall at Ruggeri's she slipped on a carpet in her home and fell against the arm of a chair, fracturing three ribs, and that five years previously she slipped and fell on ice and broke her left wrist; and he was permitted to elicit from appellants' doctor that a fracture "such as this" could be caused by a fall to the floor "in

any manner." Appellants claim error in thus injecting into the case two prior unrelated and irrelevant injuries sustained by Mrs. Krez to parts of her body different from those injured at Ruggeri's and in permitting the doctor to testify speculatively as to the possible medical effect of prior unrelated occurrences. They contend that the jury was thus "wrongly indoctrinated with the ideas that her present pelvic fractures were caused by the prior falls and that she was accident prone although there was no evidence to substantiate these accusations and inferences." The court did not err. The extent and scope of cross-examination in a civil proceeding is discretionary with the trial court and its rulings with respect thereto will not be disturbed unless an abuse of discretion is clearly shown. Eickmann v. St. Louis Pub. Serv. Co., Mo.Sup., 323 S.W.2d 802 [5]. We find no abuse of discretion. In her petition Mrs. Krez complained generally of pain of body and impairment of her ability to work, labor and earn a living. There was testimony that she has difficulty getting out of bed in the morning and that it is hard for her to get up if she sits and watches TV for any length of time; that she is not as active as she was. Defendant was entitled to cross-examine her to determine whether she had suffered previous injuries which might account in part for her pain and disability. Respondent's efforts to causally connect the pelvic fractures with the prior falls failed. Mrs. Krez denied on cross-examination that in her previous falls she sustained any injury to the pelvic area. Her doctor testified that in his opinion the pelvic bone fractures shown on the X rays were produced by the fall at Ruggeri's and that the X rays indicated that these fractures occurred roughly three weeks before the X rays were taken.

In final argument defendant's counsel attempted to make the argument that Mrs. Krez was "prone to falls" and that she fell twice and counsel did not know how many other times she fell. An objection on the ground that this was an unfair argument,

**216**

"entirely outside the scope of argument," was sustained and the jury was instructed to disregard the remarks with respect to how many other times she might have fallen. Under this record we are unable to see how the cross-examination of Mrs. Krez as to the previous falls could have prejudiced her in the manner claimed. See Cammarata v. Payton, Mo.Sup., 316 S.W.2d 474 [2].

III. The testimony about "grabbing" and "crying."

 There was some testimony at the trial by defendant and two of his companions indicating that after the collision plaintiff Paul Krez took defendant by the arm, or grabbed his arm or his wrist, and took him into the restaurant. Mr. Krez testified that defendant acted like a little gentleman. Near the end of the trial defendant offered as admissions against interest a number of excerpts from Mr. Krez' deposition, including the following, which was received in evidence over plaintiffs' objection: "Q. Did you grab him by the arm? A. No, I never touched the boy. No, no. He stood still like a gentleman." It is urged that this was not an admission against interest and was not relevant. We need not decide whether this was an admission against interest. It was cumulative, duplicated by Mr. Krez' testimony at the trial, and was "essentially undisputed." Nuckols v. Andrews Investment Co., Mo.App., 364 S.W.2d 128, 139. In any event, his denial that he grabbed the boy could only have benefited, and could not have damaged, plaintiffs' case in the eyes of the jury.

Over plaintiffs' objection the court permitted cross-examination of Mrs. Krez to inquire whether defendant was "crying there at the scene." When permitted to answer she answered in the negative. Thereupon counsel for defendant refreshed her memory by calling her attention to a statement made in her deposition, indicating that after the boy was taken back to Ruggeri's and placed on a chair "he was crying." Mrs. Krez then remembered. It is

urged that this had no relevance to the issues, would serve only to engender sympathy for the 14-year-old boy, and was prejudicial. This testimony was immaterial and irrelevant but its improper admission in evidence is not sufficient to convict the trial court of an abuse of discretion requiring a reversal of the judgment. It is unlikely and we are not convinced that this altogether mild evidence entered into or occasioned the defendant's verdict.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., and STORCKMAN, J., and CASEY, Special Judge, concur.

SEILER, J., not sitting.