**Donald Hubert SPRAKE and Minnie Sprake, Plaintiffs-Appellants,**

**v.**

**Louis Eugene TESTERMAN, Defendant-Respondent.**

**No. 55283.**

Supreme Court of Missouri, Division No. 1.

Sept. 13, 1971.

Downs & Pierce, Don Pierce, St. Joseph, for plaintiffs-appellants.

Kuraner, Oberlander, Dingman, Brockus & Lowe, Robert G. Oberlander, Kansas City, for respondent.

WELBORN, Commissioner.

Action for damages arising out of automobile accident. Plaintiff Donald Hubert Sprake sought $15,000 damages for his injuries. His wife, Minnie Sprake, sought

$17,000 for her injuries. The two of them sought $16,000 for death of their minor child, Donna Lee. The jury verdict was for defendant on all counts. Plaintiffs appeal.

The accident out of which the cause of action arose occurred at around 8:35 P.M., November 28, 1968, on County Route V in Buchanan County, south of St. Joseph. Plaintiffs' version of the accident was that Donald Hubert Sprake, driving south with his wife and daughter in the automobile, came over the crest of a hill and saw an auto turning from a gravel road northbound onto Route V, about 300 feet away. The auto, driven by defendant Testerman, was in the southbound lane of traffic. Sprake swerved to avoid the approaching auto and his car went off the road, into a ditch and overturned, causing injuries to Donald Hubert, his wife and daughter. The injuries to the daughter were fatal.

Defendant's version of the event was that he had entered Route V from the gravel road but that he never crossed into the southbound lane of Route V. He first saw plaintiffs' auto when he met it near the crest of the hill. The auto was travelling at a high rate of speed and the driver was "fighting" the steering wheel. After the vehicles met, the Sprakes' auto left the road and defendant returned to find it in the ditch.

■ Respondent has moved to dismiss the appeal here on the grounds that the parties, following the trial below, agreed to a settlement of the claims, but appellants refused to perform the settlement agreement. Appellants controvert the claim that a settlement was agreed to. In view of the controversy regarding the existence of a settlement agreement, the motion to dismiss the appeal is overruled. 5 C.J.S. Appeal and Error § 1354(5), p. 424. See W. J. Lake & Co., Inc., v. King County, 3 Wash.2d 500, 101 P.2d 357, 358 [2].

■ On this appeal, the sole ground of error relied upon by plaintiffs arose out of the following incident at the trial, during the cross-examination of plaintiff Donald Hubert Sprake:

"Q Mr. Sprake, did you know Lou Testerman before this accident? A I have knowed of him.

"Q You didn't know until after the accident was over that it was Mr. Testerman's car that you had passed, did you? A No, sir.

"Q You didn't know until after the accident whose car it was or who was driving it, did you? A No, sir.

"Q And if Lou Testerman had simply driven on without stopping—

"MR. TURNER: We object to that as speculation and not asking a question.

"MR. OBERLANDER: I haven't finished.

"THE COURT: Wait until he finishes.

"MR. TURNER: It's still speculation.

"THE COURT: You don't know what the question is going to be until it is asked in toto.

"Q I say if Lou Testerman had just driven on you would have had no way of finding out whose car it was you passed in the nighttime, would you?

"MR. PIERCE: Just a minute. We object to that on the ground that it has no probative value and doesn't tend to prove or disprove any issue in this case. I would assume that Mr. Testerman—

"THE COURT: Never mind what you assume. Objection sustained, proceed.

"Q. You will admit, will you not, Mr. Sprake, that Mr. Testerman did stop and come back? A That's right.

"Q And he helped you and your wife as best he could? A Yes, sir.

"Q and he gave your daughter mouth to mouth respiration, did he not? A Yes, sir.

"Q And you sued him.

"MR. PIERCE: Just a minute, your Honor. We are going to object to that at this time. Come up, Mr. Oberlander.

"THEREUPON the following proceedings were had outside the hearing of the jury.

"MR. PIERCE: He knows that is highly inflammatory, highly prejudicial, and there is no way you can wipe it out of the minds of the jury. Counsel didn't hitch his team up yesterday, and we are asking that a mistrial be declared and the jury discharged for the conduct of counsel.

"THE COURT: The request is denied.

"MR. PIERCE: Then I am going to request that the jury be told to disregard that.

"THE COURT: Overruled.

"THEREUPON cross examination of the witness was continued by Mr. Oberlander before the jury.

"THE COURT: There was an objection and it was overruled. Proceed.

"Q I say you sued him, didn't you?

"MR. PIERCE: Your Honor, we are going—

"MR. OBERLANDER: He hasn't answered the question.

"MR. PIERCE: I have a right to object before he answers.

"THE COURT: Do you have an additional objection, sir?

"MR. PIERCE: Yes, sir.

"MR. OBERLANDER: I will withdraw the question.

"MR. PIERCE: No, no. Come up. I am not through making my record.

"THE COURT: Disregard this pow-wow you have heard so far, and what is said up here is for the Court, not for you jurors.

"THEREUPON the following proceedings were had out of the hearing of the jury:

"MR. PIERCE: I want the record to show he jumped up in a loud voice and said 'I will withdraw my question,' that he had already asked and made some comments about after all these alleged nice things that plaintiff had sued this man. That is highly prejudicial. It served no earthly purpose other than to prejudice the minds of the jury, and there is no way to take it out and we are asking again that a mistrial be declared and the jury discharged on those grounds.

"THE COURT: The request is denied. Let's proceed, gentlemen.

"THEREUPON the following proceedings were had before the jury.

"THE COURT: Gentlemen of the jury, that last question was withdrawn. Just forget all about that it was ever asked when it was withdrawn."

There is no error here which calls for reversal of the judgment. The scope of cross-examination, particularly of a party, is a matter primarily within the trial court's discretion, with the trial court's ruling not to be disturbed unless an abuse of discretion is shown. Krez v. Mickel, Mo. Sup., 431 S.W.2d 213, 215 [2, 3]; Eickmann v. St. Louis Public Service Co., Mo. Sup., 323 S.W.2d 802, 807 [5]. The question "And you sued him" was argumentative. However, it referred to an obvious fact necessarily already before the jury. See Parkhurst v. Lebanon Pub. Co., 356 Mo. 934, 204 S.W.2d 241, 245 [1]. The thrust of the cross-examination was apparent, excluding the question objected to.

The trial court's ruling was not such an abuse of discretion as requires reversal of the result below.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.