**Billie Jean HAYDEN, Plaintiff-Respondent,**

v.

**CITY OF SIKESTON and Richard L. Kreitzburg, Defendants-Appellants.**

**No. 11522.**

Missouri Court of Appeals, Southern District, Division Three.

May 7, 1981.

James D. Sickal, Blanton, Rice, Sickal, Gilmore & Winchester, Sikeston, for plaintiff-respondent.

Albert C. Lowes, Thomas A. Ludwig, Buerkle, Lowes & Beeson, Jackson, for defendants-appellants.

PREWITT, Judge.

Plaintiff received a favorable jury verdict and judgment. Plaintiff's suit stemmed from a collision between an automobile operated by plaintiff and a Sikeston police car driven by defendant Kreitzburg, a police officer, at an intersection in Sikeston, Missouri. The police car, which defendants claim was on an emergency run, entered the intersection against a red traffic signal. Plaintiff had a green light when she entered the intersection.

One of plaintiff's witnesses was an adjuster employed by M.F.A. Insurance Company. Defendants contend that the trial court erred by not allowing them to show

during cross-examination that M.F.A. had an interest in the outcome of this suit because it had made a payment to plaintiff under a collision insurance policy and had subrogation rights to a part of plaintiff's recovery and was also interested in the defense of defendants' counterclaim. Defendants' contention is correct. They are entitled to show that the witness's employer was financially interested in the outcome of the suit as a factor bearing on the witness's credibility. *Triplett v. St. Louis Public Service Company*, 372 S.W.2d 515, 519–520 (Mo.App.1963); *Wren v. St. Louis Public Service Company*, 355 S.W.2d 365, 368 (Mo. App.1962); *Leavitt v. St. Louis Public Service Company*, 340 S.W.2d 131, 137–139 (Mo.App.1960). This point is ruled in favor of defendants and they are granted a new trial. We now consider the remaining points which are likely to arise upon a retrial.

Defendants claim that plaintiff's submission instruction was erroneous. It directed a verdict for plaintiff if the police vehicle violated the traffic signal; was thereby negligent, and as a result of such negligence plaintiff sustained damage; unless plaintiff was not entitled to recover by reason of a contributory negligence instruction. Defendants contend that it should have required a further finding that the violation of the traffic signal was "without just cause or excuse". A contributory negligence instruction submitted plaintiff's duty to yield the right-of-way if the police car was properly operating as an emergency vehicle.

■ The city of Sikeston has adopted the Model Traffic Ordinance, Chapter 300, RSMo 1969. Defendants contend that under §§ 300.100, 300.105 and 304.022, RSMo 1969, the police vehicle had the right to proceed through the traffic signal and that plaintiff's submission instruction should have required the jury to find that the officer operating it did not comply with those sections before they could return a verdict for plaintiff. Defendants state that if compliance "is a mere affirmative defense, then we agree that the defendants

must tender the instruction" on this issue. While not cited by either party, in *Robinson v. Gerber*, 454 S.W.2d 933 (Mo.App.1970), an assertion similar to this point was made. There it was held that an emergency vehicle's claim of a right to disregard the rules of the road is an affirmative defense and that where a plaintiff has shown a violation of a rule of the road, defendant must show any claimed legal justification or excuse for the violation. 454 S.W.2d at 937–938. We believe *Robinson* to correctly state the law and agree with its reasoning. The instruction was proper.

Defendants also contend that the trial court erred in failing to give the initial instruction they tendered defining "yield the right-of-way". Defendants tendered and the court gave a contributory negligence instruction that submitted plaintiff's alleged failure to yield the right-of-way. That was also one of the bases for defendants' counterclaim submission instruction. The refused instruction stated that the driver of a vehicle shall yield the right-of-way to an authorized emergency vehicle "using at least, an audible signal at the time". The definition instruction given required that before a duty to yield arose that the emergency vehicle be using both "an audible signal and . . . one lighted lamp". Defendants contend that plaintiff had an obligation to yield the right-of-way under §§ 300.105.1(1) and 304.022.1, RSMo 1969 if the police vehicle was using an audible signal, whether or not it was using a lighted lamp. Plaintiff claims that the police vehicle, in order to be authorized to violate any rules of the road, including proceeding past a red light, must use an audible signal and display a lighted lamp as provided in §§ 300.100 and 304.022.4(2), (3), RSMo 1969.

■ Before an emergency vehicle can properly violate the rules of the road, both an audible and visual signal are required. *Ficken v. Hopkins*, 389 S.W.2d 193, 195 (Mo. 1965); *Allman v. Yoder*, 325 S.W.2d 472, 478 (Mo.1959). However, we must decide if plaintiff was obligated to yield the right-of-way if the officer was using only the siren. Section 304.022.1 requires a motorist to

yield the right-of-way to an emergency vehicle approaching an intersection, including an intersection controlled by electric signals, if the emergency vehicle is giving either an audible signal by siren or displaying a red light. *Politte v. Miller,* 301 S.W.2d 839, 842 (Mo.App.1957). We believe that the similar language in § 300.105.1(1) must be given the same interpretation. The instruction given was incorrect as it only obligated plaintiff to yield if the police car was using both its siren and red light. We also believe that the instruction given and the one initially tendered were both erroneous because neither conditioned the requirement to yield upon a finding that the plaintiff could have known of the police car at a time when she had the means available to have avoided it. Plaintiff is not guilty of negligence in failing to yield the right-of-way unless she knew or should have known of the approach of an emergency vehicle on an emergency call in time for her to have avoided its path. *Politte v. Miller,* supra, 301 S.W.2d at 843.

The judgment is reversed and the cause remanded for a new trial.

All concur.