John T. BAKER and Ethelyn A. Baker, Plaintiffs–Respondents,

v.

MR. COFFEE, INC., Defendant– Appellant.

No. 18608.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 4, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 25, 1994.

Application to Transfer Denied April 26, 1994.

Michael L. McDorman, McDorman & Hayden, Versailles, for plaintiffs-respondents.

James W. Newberry, Schroff, Glass & Newberry, Charles B. Cowherd, Farrington & Curtis, Springfield, for defendant-appellant.

PREWITT, Judge.

Plaintiffs' home was destroyed by a fire which they contend originated in a coffeemaker manufactured by defendant. Following jury trial they received a verdict for $160,000. Judgment was entered in accordance with the verdict. Defendant appeals.

The witnesses called by plaintiffs included Frank Tobaben, an employee of Shelter Insurance Company. Shelter had issued a policy of insurance to plaintiffs which provided fire coverage on plaintiffs' house and contents. Shortly after the fire Tobaben made an investigation of it, photographed the house, and took possession of what he believed to be the remnants of the coffeemaker. He made arrangements to have an expert determine the cause or origin of the fire. At trial Tobaben was still employed by Shelter Insurance Company. Pursuant to the insurance policy Shelter Insurance Company paid plaintiffs $90,000 for the dwelling and $15,000 for the contents. Shelter had a subrogation interest in plaintiffs' claim.

Defendant contends the trial court erred in preventing it from showing during Tobaben's cross-examination "that he was employed at the time of the fire and at the time of trial by Shelter Insurance Company and that said insurance company had a subrogation interest of $105,000.00 in the outcome of the case". The point is well taken.

Although not cited here by the parties, and apparently not brought to the attention of the trial court, *Hayden v. City of Sikeston,* 616 S.W.2d 575 (Mo.App.1981), is controlling. There, this district said at 576–577:

One of plaintiff's witnesses was an adjuster employed by M.F.A. Insurance Company. Defendants contend that the trial court erred by not allowing them to show during cross-examination that M.F.A.

had an interest in the outcome of this suit because it had made a payment to plaintiff under a collision insurance policy and had subrogation rights to a part of plaintiff's recovery and was also interested in the defense of defendants' counterclaim. Defendants' contention is correct. They are entitled to show that the witness's employer was financially interested in the outcome of the suit as a factor bearing on the witness's credibility. [citing cases (including the principal case relied on by defendant, *Leavitt v. St. Louis Public Service Co.*, 340 S.W.2d 131 (Mo.App.1960) which plaintiffs attempt to distinguish in their brief) ]

Plaintiffs seek to support the trial court upon the general rule that the extent of cross-examination is discretionary with the trial judge. Citing *Krez v. Mickel*, 431 S.W.2d 213 (Mo.1968), plaintiffs say there was no abuse of that discretion because Tobaben "presented no testimony on the issues of this case which was disputed" and that the sole purpose of the defendant was to show that plaintiffs received payment from Shelter.

As we read the record defendant never admitted that what Tobaben said were the remnants of the coffeemaker were actually the remnants. If, of course, there was no dispute about what Tobaben said, then why was his testimony presented when the risk of offering him was apparent and came to plaintiffs' counsel's attention before he testified.

"Although a trial court is invested with a substantial measure of discretion as to the scope and extent of cross-examination of witnesses, that discretion should not be exercised to deny absolutely the right to disclose collateral matters bearing on the witnesses' credibility." *Myers v. City of Palmyra*, 431 S.W.2d 671, 679 (Mo.App.1968). Here, the trial court did not allow defendant to show matters which could bear on the witness's credibility. That this might also include facts ordinarily improper as evidence does not prevent defendant from using it. If plaintiffs genuinely feel that Tobaben's testimony adds nothing, then on retrial they may choose not to offer him. However, if they do,

then they must take the good with what they consider the bad.

The judgment is reversed and the cause remanded for a new trial.

FLANIGAN, P.J., and CROW, J., concur.